ORDER ON APPELLEE’S MOTION TO TRANSFER
PER CURIAM.
Coscan Florida, Inc. (formerly Costain Florida, Inc.) sought permits from the Department of Environmental Regulation (DER) and the Florida Land and Water Adjudicatory Commission (FLWAC) for expansion of a marina in Dade County. Metropolitan Dade County opposed the project and the matters were consolidated by an officer of the Division of Administrative Hearings (DOAH) who conducted a hearing and issued two recommended orders, one for each agency. DER entered an order which directed issuance of the necessary permit with conditions. The county appealed that order to the District Court of Appeal, Third District, and Coscan filed a notice of cross-appeal. Subsequently, FLWAC issued a final order which denied the application for a development of regional impact (DRI). Coscan timely appealed FLWAC’s order to this court.
Previously, Coscan moved the Third District to transfer the DER appeal to this court. Dade County opposed the transfer and the motion was denied. Now Dade County moves to transfer this appeal to the Third District. Movant asserts that in addition to the other, pending appeal, there is also an action before the Dade County Circuit Court relating to this DRI. See Costain Florida, Inc. v. Metropolitan Dade County, 528 So.2d 35 (Fla. 3d DCA 1988). The county suggests that a transfer of this case to the Third District is preferable to its consideration by this court. In support of transfer, appellee points to the relationship of the parties and the cases, the desirability avoiding inconsistent results, the fact that if one appellate court has both cases judicial economy could be realized by requiring only one panel to review the 22-volume record, and saving the parties the cost of duplicating the record that was made before DOAH.
The appellant opposes transfer. It states that the jurisdiction of this court was properly invoked pursuant to section 120.68(2), Florida Statutes (1989), which provides that an administrative appeal may be taken either to the appellate district where the agency maintains its headquarters or where a party resides. Appellant shows FLWAC has headquarters in Tallahassee and therefore this court has jurisdiction. This is therefore an appropriate court and transfer under Rule 9.040(b), Florida Rules of Appellate Procedure, would not be authorized.
As appellant points out, this court clearly has jurisdiction of this appeal under section 120.68(2). Rule 9.040(b) provides:
If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
The question presented is whether the term “inappropriate” was intended to mean a court without jurisdiction, or simply one which is less convenient than another court. We have found no case authority on this question but the committee notes to the rule suggest it was intended to authorize transfer of a proceeding when jurisdiction of a court is improperly invoked:
Under these provisions a party will not automatically have his case dismissed because he seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction.
Accordingly, we find that the motion must be denied, even though there are legitimate reasons to transfer this case to the Third District. We call the attention of the Florida Legislature to this problem for consideration of legislation which would authorize transfer of appellate proceedings in circumstances such as these.
MOTION DENIED.
WIGGINTON, NIMMONS and ZEHMER, JJ., concur.